Coffin *v.* Coffin.

## Coffin *vs.* Coffin.

An attorney at law is liable to an action for money collected by him, in the same manner as any other agent, and without a special demand; and the statute of limitations begins to run from the time he receives the money.

Assumpsit to recover $47,60 which *Charles Coffin* the defendant, in the course of his practice as attorney and counsellor at law, had collected for a demand left with him by *Paul Coffin*, the plaintiff, against one *Bean*. The demand was left with the defendant prior to the year 1807; and the money was received *July* 20, 1815. In 1806, *David Coffin* was appointed guardian to the plaintiff; in which office he continued till the year 1829; and on the 19th day of *December* 1818, he had a settlement of accounts with the defendant, and thereupon gave him a receipt in full of all accounts and demands to that date; and in full for all demands left in his office for collection. In this receipt the plaintiff was not mentioned. It was agreed, in a case stated by the parties, that *David Coffin*, if he were a competent witness to the fact, would testify that this receipt was not intended to include and did not settle the demand in question. And it was further agreed that during the period of the guardianship the plaintiff resided in New Hampshire, the guardian, during the same time, residing within half a mile of the defendant's house. The money being demanded of the defendant, *March* 9th 1830, he replied that he had paid it over to the guardian, and should not pay it again.

The defendant pleaded the general issue, and the statute of limitations; to which the plaintiff replied a new promise, on which issue was joined; and the cause was submitted, upon the facts and pleadings, to the decision of the court.

*J. & E. Shepley*, for the plaintiff, contended that the statute of limitations did not begin to run till the plaintiff had a right to maintain an action; *Walker v. Bradley*, 3 *Pick.* 261; *Wilcox v. Plummer*, 4 *Peters* 172; and that here no action could be maintained against the defendant, he being an attorney at law, till the money

was demanded, which was not till *March* 1830. *Staples v. Staples & tr.* 4 *Greenl.* 532. And to the competency of *David Coffin* as a witness, they cited *Bliss v. Thompson,* 4 *Mass.* 488 ; *Page v. Weeks,* 13 *Mass.* 199 ; *Barstow v. Gray,* 3 *Greenl.* 409 ; *Ely v. Forward,* 7 *Mass.* 25 ; *Phillips v. Bridge,* 11 *Mass.* 242 ; *Gifford v. Coffin,* 5 *Pick.* 447.

*D. Goodenow,* for the defendant, objected to the right of the plaintiff to maintain this action ; there being no special request, but only the usual *sæpe requisitus,* alleged in the declaration ; 1 *Chitty's Pl.* 322, 325 ; 1 *Saund.* 33, note 2 ; *Wallis v. Scott,* 1 *Stra.* 88 ; and such request being necessary, on the authority of *Staples v. Staples & tr.* 4 *Greenl.* 532. But he contended that the facts in that case did not call for the decision of that point, which was extra-judicial, and not supported by the analogies of the law. The right of action here accrued as early as the year 1815, when the money was received and ought to have been paid over.

He also contended that *David Coffin* was not a competent witness, as his testimony would go directly to exonerate himself by charging the defendant. *Emerton v. Andrews,* 4 *Mass.* 653 ; *Widgery v. Haskell,* 5 *Mass.* 144.

The opinion of the Court was read at the ensuing *November* term in *Cumberland,* as drawn up by

MELLEN C. J. Some years prior to 1815, the plaintiff placed in the hands of the defendant, as an attorney at law, for collection, a demand against one *Bean ;* and the same was paid to the defendant on the 20th of *July,* 1815, amounting to $47,60. The present action is brought to recover that sum. The defendant pleaded and relies on the statute of limitations ; the plaintiff replied and relies on a new promise within six years, next before the commencement of the action. On the 9th of *March* 1830, an agent of the plaintiff demanded the money of the defendant, who replied that he had once paid it to the guardian of the plaintiff, and that he should not pay it again. Whether he ever did or not, is an immaterial inquiry if the statute of limitations commenced running when the

money was received of *Bean* by the defendant and he became ac-
countable for it; for if it did, the action is barred, because there is
no pretence that any new promise was ever made. Viewing the
cause in this light, it is evident at once that the facts deposed by
*David Coffin* are not of the least importance, and therefore it is of
no consequence to inquire whether the deposition was admissible or
not. Nor is it a subject of consideration whether the pleadings are
technically accurate and formal, in the decision of a cause on an
agreed statement of facts. This we have often decided. The only
question is when the statute of limitations commenced running against
the plaintiff's demand. Unless the defendant stand in a relation to
the plaintiff different from that of any other person who has collec-
ted a sum of money as agent for the principal who employs him,
then most clearly the action is barred. On this point no doubt has
been raised. The counsel for the plaintiff, however, contends that
his right of action did not accrue till after the demand on the defen-
dant in *March* 1830, and that till then the statute did not commence
running; and in support of his position he relies upon the case of
*Staples v. Staples* and *Adams tr.* 4 *Greenl.* 532. The only ques-
tion in that case, as stated by the court, in delivering the opinion,
was "whether at the time of the service, he *(Adams)* was such a
debtor of the principal as to be chargeable in this process," and that
was the only question which it was necessary for the court to decide,
and which they formally did decide. The cases there cited clearly
show that debts payable at a future day are attachable by our trus-
tee process; so that on the ground assumed in argument by *Adams*
he was clearly a trustee. In answer to the argument, the court used
the expressions "we admit the principle to be correct, that until af-
ter demand made, the attorney in this case was not liable to the ac-
tion of the principal, and it appears that no such demand was made;
but it does not follow that he was not liable to this process at the suit
of the plaintiff under the circumstances disclosed." By the report
of that case it appears that ten minutes after the money had been
paid to Mr. *Adams*, and before he could possibly have had time to
pay it over to his client, it was attached. In view of these facts and
in reference to them, the observation of the court above quoted, was

made, and not in language sufficiently guarded. The expression as to the necessity of demand was incidental, and not necessary, and had no connexion with the point decided. We are perfectly satisfied with the decision itself, but do not feel bound by any collateral or incidental expression of an opinion, having no necessary connexion with it. Any impressions received, as to the necessity of a demand upon an attorney for money collected by him, before he can be considered as liable to an action, will be removed by the present opinion. Indeed we are satisfied on further examination of the subject, that we are not authorized to distinguish an attorney from other agents, and that the language used by the court, even if applied exclusively to that case, could not be sanctioned as correct. Still, the case of *Staples v. Staples & tr.* was properly decided and is fully sustained by settled principles. The result is, that the present action cannot be maintained.

*Plaintiff nonsuit.*